IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **SAMMY EDWARD SIMPSON, II,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 7:12-cv-02467-RDP |
| } | |
| **STATE OF ALABAMA** } | |
| **DEPARTMENT OF HUMAN** } | |
| **RESOURCES, et. al.,** } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

Before the court is Defendants' Motion to Dismiss (Doc. #8), filed on September 18, 2012. Plaintiff filed a response (Doc. #10) on September 19, 2012. Defendants filed a reply (Doc. #11) on September 21, 2012. The Motion has been fully briefed and is properly under submission. For the reasons stated below, the Motion is due to be granted in part and denied in part.

**I.      BACKGROUND AND RELEVANT FACTS**[1]

Plaintiff initiated this lawsuit by filing a *pro se* Complaint (Doc. #1) on July 16, 2012. The Complaint names eight Defendants: (1) State of Alabama Department of Human Resources ("Alabama DHR"); (2) St. Clair County Department of Human Resources ("St. Clair DHR"); (3) Jefferson County Department of Human Resources ("Jefferson DHR"); (4) Marshall County Department of Human Resources ("Marhsall DHR"); (5) Nancy Buckner, Alabama DHR Commissioner ("Buckner"); (6) William "Butch" King, Former Alabama DHR Personnel Director

---

[1]Unless otherwise indicated, the facts are taken from Plaintiff's *pro se* Complaint. (Doc. #1).

("King")[2]; (7) Vera Warren, Alabama DHR Personnel Director ("Warren"); and (8) Terri Coley, an employee with the Jefferson DHR ("Coley"). Plaintiff alleges Defendants violated the Rehabilitation Act, 29 U.S.C. §§ 791, 794, and 794(a)(2) by failing to hire him for a social work position. He also claims he was retaliated against for his filing a prior lawsuit. (*See* Doc. #1). Plaintiff also asserts that Defendants have not hired him because of his disability. (*Id.* at ¶ 41).

Plaintiff sought a social work position with Alabama DHR. (*Id.* at ¶ 6). Since October 7, 2011, Plaintiff's name has been on the statewide and local register for St. Clair County, Marshall County, Jefferson County, and Etowah County through the State of Alabama Personnel Department. (*Id.* at ¶ 17). On November 15, 2010, Plaintiff filed a previous lawsuit against Jon Costa, former Etowah County Department of Human Resources Director and five of the eight Defendants named in this action: (1) Alabama DHR; (2) Buckner; (3) Jefferson DHR; and (4) Marshall DHR. (*Id.* at ¶14). The court entered summary judgment against Plaintiff, and he is currently appealing that decision. (*Id.*).

On June 28, 2012, St. Clair DHR interviewed Plaintiff for a social work position. (*Id.* at ¶ 18). Plaintiff learned that St. Clair DHR hired at least one individual within the six months prior to his interview. (*Id.* at ¶ 6). Plaintiff also learned that St. Clair DHR hired another individual on July 11, 2012. (*Id.*). Plaintiff is a licensed social worker in the State of Alabama. (*Id.* at ¶ 16). He obtained a bachelor's degree in social work from Jacksonville State University. (*Id.*). Plaintiff has completed

---

[2]Plaintiff sued King in his official capacity as former Director of Alabama DHR Personnel Department. King died on August 24, 2009. (Doc. #8, Ex. C). Plaintiff has not demonstrated that these claims survive King's death. Moreover, Plaintiff has alleged no facts indicating King had any decision-making authority during the times relevant to the Complaint. The operative time frame is October 7, 2011 to present. King died two years earlier. Thus, King could not have been involved in an hiring decision after October 7, 2011. Furthermore, as discussed in Part III.A *infra*, the Rehabilitation Act does not provide for suits against individuals. Therefore, all claims against King are due to be dismissed.

fifteen hours of graduate work in special education. (*Id.*). The individual hired within six months prior to Plaintiff's interview with St. Clair DHR was a recent college graduate with a bachelor's degree. (*Id.* at ¶ 21). St. Clair DHR hired that individual without pulling a register. (*Id.* at ¶ 19). Plaintiff was current on the St. Clair and statewide register at the time St. Clair DHR hired both individuals. (*Id.*).

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts must accept the allegations in the complaint as true and draw all reasonable inferences in favor the non-moving party. *Hill v. White*, 321 F.3d 1334, 1335 (11 th Cir. 2003).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires

"enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

Additionally, "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Therefore, "wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008).

### III.   DISCUSSION

#### A.   Rehabilitation Act

##### 1.   Plaintiff's Individual Capacity Claims

The Rehabilitation Act prohibits any program or activity receiving federal funds from discriminating against otherwise qualified individuals with a disability. *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11 th Cir. 2000); see also 29 U.S.C. § 794(a). While the Rehabilitation Act applies to programs or activities receiving federal financial assistance, it does not provide for suit against individuals. *See Pritchard v. S. Co. Servs.*, 102 F.3d 1118, 1119 (11 th Cir. 1996) (liability under the Rehabilitation Act lies against employer, not individual officers of employer); *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (plaintiff could not sue director of state agency individually under Section 504 of the Rehabilitation Act); *Gary v. Ga. Dept of Human Res.*, 323 F. Supp. 2d 1368, 1373 (N.D. Ga. 2004) ("the Rehabilitation Act does not provide for relief against individual Defendants). As individual officers or managers, Defendants Bucker, Warren, and Coley cannot be liable under the Rehabilitation Act. *See Pritchard*, 102 F.3d at 119; *Lollar*, 196 F.3d 603; *Gary*, 323 F. Supp. 2d at 1373. Therefore, Plaintiff's claims against these Defendants are due to be dismissed. The remaining issue is whether Plaintiff has stated a Rehabilitation Act claim against Defendants Alabama DHR, St. Clair DHR, Jefferson DHR, and Marshall DHR.

  **2.**  **Plaintiff's Claims Against the Agency Defendants**

Defendants argue that Plaintiff has failed to state a Rehabilitation Act claim because he has not "allege[d] his disability, how that disability was known to Defendants, what protected activity he engaged in, how they knew it, and how they retaliated against him." (Doc. #8). The Rehabilitation Act incorporates the Americans with Disabilities Act's ("ADA") anti-retaliation provision. *See* 29 U.S.C. § 794(d). The ADA's anti-retaliation provision provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). This provision is similar to Title VII's prohibition on retaliation.

*See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278 (11th Cir. 1997). Thus, the court will assess Plaintiff's Rehabilitation Act retaliation claims under the analogous Title VII retaliation framework. *See id*. To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was some causal relationship between the two events. *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997).

          a.        **Plaintiff's *Prima Facie* Case**

Plaintiff has established the first element of a prima facie case for his retaliation claim. because he engaged in statutorily protected activity. "Statutorily protected expression includes internal complaints of discrimination to superiors, as well as complaints lodged with the EEOC and discrimination-based lawsuits." *Pipkins v. City of Temple Terrance, Fla.*, 267 F.3d 1197, 1201 (11th Cir. 2001). Plaintiff's November 2010 lawsuit claimed that Alabama DHR, Buckner, Jefferson DHR, and Marshall DHR discriminated against him, violating the Rehabilitation Act, for bringing an earlier lawsuit. Therefore, there is no question that in filing the lawsuit, Plaintiff engaged in protected activity.

Plaintiff has also established the second element of a prima facie case for his retaliation claim. To sufficiently plead an adverse employment action, Plaintiff must show a reasonable employee would have found such conduct materially adverse. *Shannon v. Postmaster Gen of the United States*, 335 Fed. Appx. 21, 26 (11th Cir. 2009). Furthermore, an adverse employment action is one that "clearly might deter a reasonable employee from pursuing a pending charge of discrimination or making a new one." *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008). Plaintiff alleges that Defendants failed to either interview or hire him, constituting an adverse employment action. A

reasonable employee might be deterred from filing a lawsuit over alleged discrimination if the employee knew he or she would not be interviewed or ultimately hired because of the lawsuit. *See Tucker v. Housing Auth of Birmingham Dist.*, 229 Fed. Appx. 820, 825 (11th Cir. 2007) (affirming trial court's decision that jury had sufficient evidence before it on which to find that plaintiff suffered adverse employment action when plaintiff was interviewed by a four person panel, three of whom knew plaintiff had filed a race discrimination lawsuit and when the evidence suggested both that plaintiff was unresponsive to questions in an interview and that the questioning was hostile and regarded the lawsuit). Therefore, Plaintiff has sufficiently alleged the second element of his retaliation claim.

Plaintiff has also sufficiently pleaded the third element of his prima facie case. "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Fla. Bd of Regents*, 212 F.3d 571, 590 (11th Cir. 2000). Plaintiff must show that each Defendant was aware of his November 2010 lawsuit. Defendants Alabama DHR, Buckner, Jefferson DHR, and Marshall DHR were all defendants in Plaintiff's November 2010 lawsuit. (Doc. #1, ¶ 15). Therefore, Defendants Alabama DHR, Jefferson DHR, and Marhsall DHR were aware of Plaintiff's November 2010 lawsuit. Plaintiff's Complaint does not directly allege that Defendant St. Clair DHR was aware of his November 2010 lawsuit. However, Plaintiff's Complaint alleges that Buckner, was serving as the St. Clair DHR Assistant Director at the time of the November 2010 lawsuit. (*Id.* at ¶ 25). Therefore, construing Plaintiff's allegations liberally, as it must, the court finds St. Clair DHR also had the requisite awareness because Bucker was in a managerial position with St. Clair during the November 2010 litigation.

Plaintiff's *pro se* Complaint has alleged facts that establish a prima facie case of retaliation under the Rehabilitation Act against the agency defendants.[3]  Plaintiff fails to state a claim against any of the individual defendants.

**IV.    Conclusion**

For the reasons stated above, Plaintiffs claims against Defendants Buckner, King, Warren, and Coley are due to be dismissed.  However, Plaintiffs claims against Defendants Alabama DHR, St. Clair DHR, Jefferson DHR, and Marshall DHR are not due to be dismissed on the pleadings.  A separate order consistent with this memorandum opinion will be issued.

**DONE** and **ORDERED** this      16th       day of November, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] Of course, the court need not–and does not–address whether Plaintiff can present substantial evidence of retaliation.